**FILED**
MAY 2 4 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DITRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CINDY A. FERGUSON § | |
| Plaintiff § | **A17CV0498 LY** |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| PICK FIVE IMPORTS d/b/a MAXI- § | |
| MATIC USA, INC., FAGOR § | |
| AMERICA & IAC/INTERACTIVE § | |
| CORP. d/b/a THE HOME SHOPPING § | |
| NETWORK, INC. § | JURY DEMAND |
| Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, CINDY FERGUSON, Plaintiff in the above-styled and numbered cause, complaining of Defendants, PICK FIVE IMORTS, INC. d/b/a MAXI-MATIC USA, INC., FAGOR AMERICA and IAC/INTERACTIVE CORP. d/b/a THE HOME SHOPPING NETWORK, INC., and in support thereof would respectfully show unto this Honorable Court the following:

### I.   DISCOVERY LEVEL

1. Plaintiff intends to conduct Discovery pursuant to a Level 3 Discovery Control Plan, as set forth in Tex. R. Civ. P. 190.4, and Plaintiff hereby requests that the Court enter a Level 3 Discovery Control Plan.

### II.   PARTIES

2. Plaintiff, CINDY A. FERGUSON (hereinafter "Ms. Ferguson" is an individual and citizen of the State of Texas who resides in Austin, Travis County, Texas.

3. Defendant, PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC USA, INC. ("hereinafter "MAXI-MATIC") is a foreign for-profit corporation, organized and existing under the laws of the State of California. Defendant has its principal office in the State of California, which is located at 18401 E. Arenth Avenue, # B, City of Industry, California 91748. Defendant PICK FIVE IMPORTS, INC. also conducts business under the name "Maxi-Matic, USA, Inc." Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas, as its agent for service, because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, service of citation on this Defendant may be accomplished by serving the Secretary of State of Texas, who will then forward the citation by certified mail, return receipt requested, to its registered agent for service of process, Pyng Shan Liu located at 18401 E. Arenth Avenue, # B, City of Industry, California 91748.

4. Defendant, FAGOR AMERICA, (hereinafter "Fagor") is a foreign for-profit corporation, organized and existing under the laws of the State of New Jersey. Defendant has its principal office in the State of New Jersey, which is located at 1099 Wall Street, W #179, Lyndhurst, New Jersey 07071. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas, as its agent for service, because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, service of citation on this Defendant may be accomplished by serving the Secretary of State of Texas, who will then forward the

citation by certified mail, return receipt requested, to its registered agent for service of process, Mr. Patricio Barriga at 1099 Wall Street West, Suite 179, Lyndhurst, New Jersey 07071.

5. Defendant, IAC/INTERACTIVE CORP. d/b/a/ HOME SHOPPING NETWORK, (hereinafter "HSN") is a foreign for-profit corporation, organized and existing under the laws of the State of Florida. Defendant has its principal office in the State of Florida, but has its principal office mailing address as 555 West 18th Street, New York, New York 10011. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas, as its agent for service, because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, service of citation on this Defendant may be accomplished by serving the Secretary of State of Texas, who will then forward the citation by certified mail, return receipt requested, to its registered agent for service of process, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

### III. JURISDICTION

6. This Court has personal jurisdiction over Defendants pursuant to the Texas Long Arm State, TEX. CIV. PRAC. & REM. CODE § 17.042, as this lawsuit arises out of a tort committed by Defendants in whole or in part in Texas. Defendants purposefully availed itself of the privileges and benefits of conducting business in Texas by directing its product sales to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

7. This Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1), as the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## IV. VENUE

8. Venue is proper in this district under 28 U.SC. § 1391(a)(a), because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## V. CONDITIONS PRECEDENT

9. All conditions precedent have been performed or have occurred.

## VI. FACTUAL BACKGROUND

10. On or about October 24, 2014, Plaintiff received a Maxi-Matic Elite Platinum, 8 quart capacity digital pressure cooker, Model EPC-808 (hereinafter, "the cooker") which had been ordered on October 17, 2014 from an advertisement that aired on her home television from Defendant "HSN." Upon information and belief, that Defendant "HSN" is the seller of and/or marketing entity for the cooker and upon information and belief that Defendants "Maxi-Matic" and "Fagor" are the designers, manufacturers, producers, distributors and vendors for the cooker.

11. The cooker is an electric kitchen appliance designed to be used for efficient preparation The product is designed to prepare full meals from scratch by boiling liquids inside a sealed pot that produces steam, which is trapped inside of the appliance to create pressure. The resulting temperatures produced are supposed to cook meals more efficiently, while maintaining more nutrients than conventional cooking methods.

12. Ms. Ferguson used the cooker for the first time on May 28, 2015 and followed all instructions enclosed with the cooker. She intended to prepare beans for her

family's dinner that evening. While preparing the beans that day, suddenly and without warning, the lid blew off of the cooker, and the pinto beans burst out of the cooker onto Ms. Ferguson, resulting in extensive and severe burns to her body.

13. Ms. Ferguson's mother called the Austin Emergency Medical Services ambulance and Ms. Ferguson was rushed to the hospital by the Austin Emergency Medical Services following the incident, where she underwent treatment of her severe injuries.

14. To date, Mrs. Vasquez continues to endure severe pain and the permanent scarring associated with her burns.

15. Plaintiff did not modify the cooker in any way before using it. The counter on which the cooker was being used was level, nothing was obstructing or surrounding the cooker, and nothing was atop the lid of the cooker.

16. Defendants' failure to take reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects and safe for consumer use, and Defendants' failure to adequately warn consumers of foreseeable dangers related to its product, proximately caused Plaintiffs' injuries and damages.

17. Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold, and/or marketed. Defendants failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

## VII. CAUSE OF ACTION: NEGLIGENCE

18. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

19. Defendants were negligent in developing, designing, manufacturing, testing, selling, and/or marketing the cooker.

20. At all times material hereto, the cooker was being used by Ms. Ferguson for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was a foreseeable intended users of the cooker.

21. Defendants owed a duty to Plaintiffs to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants failed to exercise such reasonable care.

22. Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold, and/or marketed.

23. Defendants failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

24. Plaintiff's injuries and damages are the direct and proximate result of the Defendants' negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority.

25. Plaintiff's injuries and damages are not due to any act or failure on the part of Plaintiff.

26. Defendants were negligent in one or more of the following respects:
    a. Failing to take appropriate steps to ensure the cooker could not explode;
    b. Failing to conduct an appropriate inspection of the cooker;
    c. Marketing, selling, and shipping the cooker in an unsafe condition;
    d. Failing to provide users of the cooker with adequate instructions for its safe use;
    e. Failing to provide users of the cooker with adequate warnings concerning its use;

f. Failing to thoroughly and adequately test the cooker to ensure that the lid could not be discharged from the cooker in the course of cooking;

g. Designing and/or selling the cooker with the capacity to pressurize and reach a high temperature even if the lid was only partially engaged;

h. Failing to equip the cooker with properly functioning safety features which would prevent the lid from opening while contents were under pressure;

i. Failing to equip the cooker with properly functioning safety features which would prevent the cooker from operating when the lid was not fully sealed;

j. Failing to prevent damage to, or sticking or malfunction of, the cooker's safety features;

k. Failing to provide a safe, appropriate, and effective mechanism for securing the lid of the cooker;

l. Designing the lid and housing in such a way that it is not apparent to the user that the lid is not fully sealed;

m. Failing to design the cooker with a warning mechanism that would allow a user to recognize that the lid was not fully sealed;

n. Failing to discover defects in, and the dangerous condition of, the cooker;

o. Failing to remedy the defects in, and the dangerous condition of, the cooker;

p. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the cooker;

q. Failing to properly test, evaluate, inspect, and assemble the cooker;

r. Failing to properly design, manufacture, and advertise the cooker to ensure that it was not unreasonably dangerous;

    s. Failing to warn the public in general, and Plaintiffs in particular, of the dangers presented by the use of Defendant's product;

    t. Failing to exercise due care and act with regard for the safety of those using its products; and

    u. Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

27. Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages. Nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

### VIII. CAUSE OF ACTION: STRICT LIABILITY

28. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

29. Defendants are the manufacturer, designer, distributor, and/or seller of the cooker.

30. The cooker was sold and delivered to Plaintiff. At all times prior to delivery, the cooker was in the exclusive control of Defendants, their agents, servants, employees, and/or apparent agents, and was delivered to Plaintiff without substantial change in its condition.

31. The cooker was used by Ms. Ferguson as designed and intended by the Defendants, without any change in its condition from the time it left the control of the Defendant "HSN" until it was used by the Plaintiff.

32. The cooker, which was sold and delivered to Plaintiff by Defendant "HSN" and ultimately used by Ms. Ferguson, was, at the time of sale and delivery, in a defective condition and unreasonably dangerous to the ultimate user.

33. The product was defective and unreasonably dangerous in that it failed to conform to the product design and specifications of other pressure cookers, where it failed to prevent the sudden and unexpected ejection of boiling hot liquids when used in accordance with the instructions provided. Such defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

34. The product was defective and unreasonably dangerous, because there was a lack of adequate warnings and notices that the product could inadvertently eject boiling hot liquids in a way not warned of or contemplated by the ordinary user of the product. Such defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

35. The product was defective and unreasonably dangerous due to the hazard created by the ability of the lid to come off while its contents were under pressure and by the ability of the device to function with the lid only partially engaged. Such defect(s) constituted a producing cause of Plaintiffs' injuries and damages.

36. As a direct result of the defective condition of the cooker, Plaintiff sustained the injuries and losses described herein. Had the cooker not been manufactured, designed, distributed, or sold by Defendants in such an unreasonably dangerous condition, Plaintiff's injuries would not have occurred.

### IX. CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY

37. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

38. Defendants are either the designer, manufacturer, assembler, distributor, and/or seller of the cooker. Defendants sold and shipped the cooker to Plaintiff.

39. Defendants expressly warranted that its product was safe for ordinary use when used in compliance with the instructions provided.

40. Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff, without which the Plaintiff would not have purchased Defendants' product.

41. The product did not conform to the Defendants' affirmations regarding the safety of its product.

42. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff sustained the injuries and losses described herein.

## X.   CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

43. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

44. Defendants are either the designer, manufacturer, assembler, distributor, and/or seller of the cooker.

45. Defendant "HSN" sold and shipped the cooker to Plaintiff.

46. Defendants impliedly warranted that its product was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendants' own affirmations regarding the cooker's safety features and overall safe condition.

47. Defendants breached their implied warranty of merchantability, as the product did not conform to the Defendant's affirmations regarding the safety features and overall safe condition of the product, the product was not fit for the ordinary purpose for which it was

sold or used, and was not of fair average quality so as to pass without objection in the trade.

48. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained the injuries and losses described herein.

## XI. CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

49. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

50. Defendants are either the designer, manufacturer, assembler, distributor, and/or seller of the cooker. Defendant "HSN" sold and shipped the cooker to Plaintiff.

51. In selling its product to Plaintiff, Defendants, through their agents, servants, employees, and apparent agents acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the product to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendants impliedly warranted that the product would be fit for such particular purpose.

52. Defendants breached its implied warranty of fitness for a particular purpose, as the product did not conform to the Defendant's affirmations regarding its product being fit for such particular purpose. The cooker's malfunctioning safety features and overall unsafe condition rendered it unfit for that purpose.

53. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff sustained the injuries and losses described herein.

## XII.  DAMAGES

54. As a direct and proximate result of Defendants' conduct, Plaintiff Cindy A. Ferguson suffered the following injuries and damages:

a. Medical expenses in the past and future;

b. Physical pain and mental anguish in the past and future;

c. Disfigurement in the past and future;

d. Physical impairment in the past and future; and

e. Past lost wages and loss of future earning capacity.

## XIII. REQUEST FOR JURY TRIAL

55. Plaintiff requests a jury trial on all issues triable.

## XIV.  PRAYER

56. For the above reasons, Plaintiff Cindy A. Ferguson prays that Defendants be cited to appear and answer herein and that upon final trial, Plaintiff obtains a judgment against Defendants for the following:

a. Actual damages within the jurisdictional limits of the Court;

b. Pre-judgment and Post-judgment interest at the lawful rate;

c. Costs of suit; and

d. All such other and further relief to which Plaintiff may show herself justly entitled under law or in equity.

Respectfully submitted,

*Cindy A. Ferguson*
Cindy A. Ferguson, Pro se Plaintiff
6211 Hyside Drive
Austin, Texas 78723
Telephone: 512.744.3528
Email: cindyannferguson@gmail.com